**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Mathew Payne, | No. CV-20-0459-TUC-JAS |
| Petitioner, | **ORDER** |
| v. | <u>DEATH PENALTY CASE</u> |
| David Shinn, et al., | |
| Respondents. | |

Before the Court is Petitioner Christopher Payne's motion for equitable tolling. (Doc. 17.) Payne seeks prospective tolling of the statute of limitations governing his petition for writ of habeas corpus. The motion is fully briefed. (Docs. 20, 21.) For the following reasons, the motion is denied. Payne will be granted 90 days to file an amended petition.

**A.    Background**

Payne filed his statement of intent to file a petition for habeas corpus on October 27, 2020. (Doc. 1.) Payne and Respondents agree the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), expires on September 21, 2021. (Doc. 10.) Payne asks the Court to equitably toll the statute of limitations for 90 days because extraordinary circumstances caused by the COVID-19 pandemic are preventing him from timely filing his habeas corpus petition. (Doc. 17 at 1–2.) He asks, in the alternative, that he be permitted 90 days to file an amended petition. (*Id.*) Respondents oppose Payne's request to equitably toll the statute of limitations but do

not oppose his alternative request. (Doc. 20 at 1, 7.)

**B.     Analysis**

A court may equitably toll the AEDPA's statute of limitations if a petitioner establishes that he has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Respondents allow that COVID-19 "certainly disrupted the legal system in general" but do not concede that some of the difficulties cited by Payne prevent the timely filing of a petition. (Doc. 20 at 3 n.1.) Even assuming COVID-19 constituted an extraordinary circumstance, Respondents argue it is too early to assess Payne's diligence during the entire filing period and is thus too early to determine whether equitable tolling is warranted. (*Id.* at 3.)

Generally, equitable tolling is a form of relief granted retrospectively. The Supreme Court has not passed on whether equitable tolling may be granted prior to the filing of a habeas petition. In the Ninth Circuit, prospective tolling has been practiced in federal courts—particularly California courts—since *Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal.* (*Beeler*), 128 F.3d 1283, 1285 (9th Cir. 1997), *overruled on other grounds by* 163 F.3d 530 (9th Cir. 1998) (en banc). *See Williams v. Chappell*, No. 1:12-CV-01344 LJO, 2013 WL 3863942, at *4–5 (E.D. Cal. July 24, 2013) (citing cases granting prospective equitable tolling). In *Beeler*, the Ninth Circuit denied the state's petition for writ of mandamus challenging the districts court's decision to allow equitable tolling due to the withdrawal of counsel who had diligently pursued the preparation of a petition, but whose work product was not usable by replacement counsel. 128 F.3d at 1289.

Since *Beeler*, prospective equitable tolling has been utilized to extend the limitations period in a "stop-clock" fashion,[1] for the duration of time between a capital habeas petitioner's request for the appointment of counsel and the date counsel is appointed. *See*

---

[1] "Stop-clock" tolling is the granting of a motion for equitable tolling to extend the limitations period for the exact duration of the impediment. For example, if counsel is not appointed for 60 days following the initiation of habeas proceedings, a court that performs stop-clock tolling would extend the limitations period for 60 days regardless of any showing of diligence after counsel is appointed or counsel's ability to nonetheless file a timely petition in the absence of tolling.

- 2 -

*Bunyard v.* Davis, 2016 WL 128429 (E.D. Cal. Jan. 12, 2016) ("Pre-petition equitable tolling in capital cases is widely accepted in this circuit."); *Williams*, 2013 WL 3863942, at *5 ("The Court is well aware that granting equitable tolling during the time capital petitioners await appointment of counsel is widely practiced and sanctioned by the appellate courts.").

The Ninth Circuit's holding in a more recent case, *Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020) (en banc), *cert. denied*, No. 20-5366, 2020 WL 6829092 (U.S. Nov. 23, 2020), calls into question Payne's reliance on *Beeler* and the practice of prospective equitable tolling.

Smith filed a petition for habeas corpus "more than two months after the expiration of the applicable statute of limitations." *Id.* at 585–86. He argued that he was entitled to equitable tolling because his attorney failed to inform him of his unsuccessful state court appeal and failed to provide him with his state court record. *Id.* After Smith learned of his failed appeal and obtained the record, he still had 10 months to file his petition before the expiration of the statute of limitations, but he failed to do so until 66 days after the statute had expired. *Id.*

The Ninth Circuit concluded that Smith was not entitled to equitable tolling. It reasoned that "whether an impediment caused by extraordinary circumstances prevented timely filing is a 'causation question' that requires courts to evaluate a petitioner's diligence in all time periods—before, during, and after the existence of an 'extraordinary circumstance'—to determine whether the extraordinary circumstance actually did prevent timely filing." *Id.* at 595. Applying this standard, it concluded that Smith had not been diligent between the time he obtained his records and the time he filed his petition. *Id.* at 601.

The Ninth Circuit explicitly rejected the argument raised by Smith that Congress established a one-year-statute of limitations with the intent to provide petitioners with 365 impediment-free days to draft and file a petition. *Id.* at 591–92; *accord Kayer v. Schriro*, No. CR-07-2120-PHX-DGC, 2007 WL 4150213, at *2–3 (D. Ariz. Nov. 19, 2007)

(rejecting argument that AEDPA provides petitioners with a full year to prepare a habeas petition and finding petitioner's request for equitable tolling filed before the expiration of the statute of limitations premature).

A petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Id.* at 598–99. Assuming Payne can demonstrate extraordinary circumstances, as Respondents explain, "Smith's directive . . . leaves no room for prospective tolling." (Doc. 20 at 3.) Payne "cannot show that he has exercised diligence during his entire filing period when he seeks tolling before that period concludes," (*id.*), or, in fact, before the petition is filed. *See Smith*, 953 F.3d at 598–99.

Payne asserts that *Smith* was wrongly decided. He also argues that judges in this District have erroneously characterized *Smith* as "implicitly rejecting prospective tolling." (Doc. 17 at 12.) Payne notes that overruling by implication is disfavored and that a decision of a prior three-judge panel is controlling unless and until a superseding ruling comes from higher authority. (*Id.* at 12–13) (citing *Cowan v. Davis*, No. 1:19-CV-00745-DAD, 2020 WL 4698968, at *4 (E.D. Cal. Aug. 13, 2020), and *Aleman Gonzalez v. Barr*, 955 F.3d 762, 768–69 (9th Cir. 2020)). Payne also contends that even if there is some tension between *Beeler* and *Smith*, the Court is obligated to apply prior circuit precedent if it can do so "without running afoul of the intervening authority." (*Id.* at 13) (quoting *Aleman Gonzalaz*, 955 F.3d at 768–69).

While the Court generally agrees with Payne's assertions, the resolution of this issue is straightforward. The Court is bound by the holdings in *Beeler* and *Smith*. The Ninth Circuit in *Beeler* did not directly address whether prospective tolling was permissible; the issue was whether the statute of limitations was subject to equitable tolling at all. *See Beeler*, 128 F.3d at 1285 (deciding whether the AEDPA's one-year statute of limitations was subject to equitable tolling or was an inflexible limitation on federal court jurisdiction). After deciding the statute of limitations could be tolled, the Ninth Circuit went on to affirm

the district court's decision to allow Beeler more time to file his petition after his first attorney withdrew from representation, but it is not evident from the opinion that the district court's decision to toll, in contrast to its legal authority to toll, was even at issue on appeal. *Id.* at 1289. *Beeler* simply stands for the proposition that the AEDPA is subject to equitable tolling and this is clearly reconcilable with *Smith*.

Neither the Supreme Court nor the Ninth Circuit, however, has directly addressed the availability of prospective tolling of federal habeas petitions. But the Ninth Circuit in *Smith* has instructed this Court to assess a petitioner's diligence "*up to the time of filing his claim in federal court.*" *Smith*, 953 F.3d at 598–99 (emphasis added). This is not irreconcilable with the holding in *Beeler*.

Nonetheless, Payne suggests that *Beeler* and *Smith* can be reconciled, and to the extent this is accomplished by reviewing the facts and circumstances of this case he is correct. (Doc. 17 at 13) (citing *Holland*, 560 U.S. at 649–50). The "exercise of a court's equity powers must be made on a case-by-case basis" as it "enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." *Holland*, 560 U.S. at 649–50.

In support of his assertion that his investigation and representation have been disrupted, Payne has provided declarations from Rose Bushnell and Jennifer Thompson, investigators for the Office of the Federal Public Defender for the District of Arizona ("FPD"), and Jennifer Schneider, a paralegal for the FPD. (Doc. 17-1.)

The Court finds that the ongoing pandemic is an extraordinary circumstance that has hindered Payne's counsel by preventing or delaying in-person contact with Payne and obstructing counsel's attempts to obtain records and interview relevant witnesses. *Cf. Brown v. Davis*, No. 1:19-CV-01796-DAD, 2020 WL 5069654, at *7 (E.D. Cal. Aug. 27, 2020) ("[T]he ongoing COVID-19 pandemic . . . will continue to impede record assembly and review, lay and expert discovery, claim investigation and development, and preparation of a complete federal habeas petition."); *Cowan*, 2020 WL 4698968, at *5 ("The COVID-19 pandemic undoubtedly presents an extraordinary circumstance

impacting petitioner's right to the assistance of appointed habeas counsel in preparing his federal petition.").

However, the Court cannot evaluate Payne's diligence in all time periods—before, during, and after the COVID-19 pandemic—until Payne has filed a petition. *See Smith*, 953 F.3d at 593 n.3 ("[A] petitioner [needs] to show his diligence continued up through the point of filing his habeas petition in federal court."). The Court cannot, based on Payne's motion, make an informed ruling on when the impediment began, when it abated, and whether Payne was sufficiently diligent in the periods before and after the impediment. *See Smith*, 953 F.3d at 591–92 (explaining that requiring reasonable diligence through to the moment of filing protects the rights of all parties without unnecessarily sacrificing one to the other).

The Court will grant, however, Payne's alternative request for leave to file an amended petition. In *Pickens v. Shoop*, No. 1:19-CV-558, 2020 WL 3128536 (S.D. Ohio June 12, 2020), the court denied a habeas petitioner's request for equitable tolling but granted 94 days "from the date the state of emergency is lifted" to file an amended petition for habeas corpus. *Id.* As the court noted, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Respondents have consented to the filing of an amended petition 90 days after the petition is filed.

Accordingly,

**IT IS ORDERED** denying Payne's motion for equitable tolling (Doc. 17) without prejudice.

**IT IS FURTHER ORDERED:**

1. Payne shall file a Petition for Writ of Habeas Corpus no later than **September 21, 2021**.

2. Payne shall file an amended Petition for Writ of Habeas Corpus no later than **December 17, 2021**.

3. Respondents shall file an Answer no later than **April 11, 2022**.

    4.    Payne shall file a reply no later than **May 26, 2022**.

    5.    Any notice of a request for evidentiary development shall be filed no later than **July 29, 2022**.

    6.    A response to any notice of request for evidentiary development shall be filed no later than **September 30, 2022**.

    7.    A reply to any response to a notice of a request for evidentiary development shall be filed no later than **October 17, 2022**.

Dated this 10th day of August, 2021.

*[signature]*

Honorable James A. Soto
United States District Judge