WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Mathew Payne,<br><br>Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>Respondents. | No. CV-20-0459-TUC-JAS<br><br>**ORDER**<br><br><u>DEATH PENALTY CASE</u> |

Petitioner Christopher Mathew Payne is an Arizona prisoner sentenced to death. Pending before the Court is his Motion for Leave to File Lodged Proposed Amended Petition. (Doc. 35.) Payne seeks to file an amended habeas petition that exceeds the page limits set by Rule 3.5(b) of the Local Rules of Civil Procedure. Respondents oppose the motion, and the matter is fully briefed. (Docs. 37, 38.)

**Discussion**

On December 9, 2020, before Payne filed his initial petition, the Court's Local Rules were amended to add a 200-page limit for capital habeas petitions in "all new cases filed as of December 1, 2020" and to "pending cases to the extent it is practical and fair." General Order 20-45, *In the Matter of the Amendments to the Rules of Practice of the United States District Court for the District of Arizona* (D. Ariz. Dec. 9, 2020). Payne now seeks leave to file an amended petition that exceeds the 200-page limit by 44 pages, asserting his case was "pending" when the page limits became effective, and it would not be practical or fair to apply the amendment to his case.

The parties disagree whether Payne's case was "pending" on December 1, 2020, and thus whether the amendments apply to his habeas petition. Payne initiated these proceedings on October 27, 2020, by filing a statement of intent to file an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, a request for the appointment of counsel, and an application to proceed *in forma pauperis*. (Docs. 1–3.) Payne did not file his initial petition until September 17, 2021. (Doc. 28.) At that time, the Court granted Payne's unopposed motion to suspend compliance with the Court's page limits for the filing of his initial petition but did not grant Payne's request to suspend application of the page-limits to his case altogether or to his anticipated amended petition. (Doc. 26.)

In a case analogous to this one, the Supreme Court held that for purposes of determining if a capital habeas case is pending on the effective date of amendments enacted by the Antiterrorism and Effective Death Penalty Act of 1996, a case does not become "pending" until an actual application for habeas corpus relief is filed in federal court, despite an applicant's motion for the appointment of counsel or stay of execution filed before that date. *Woodford v. Garceau*, 538 U.S. 202 (2003). The holding in *Woodford* therefore suggests that Payne's case was not "pending" because it was not filed until after the effective date of the amendments to LRCiv 3.5(b), and thus his petition should be subject to the page limits.

However, without deciding whether Payne's case was pending at the time the amended rule was adopted, the Court finds it would be both practical and fair to apply the page limits to Payne's case given the considerable time between the adoption and incorporation of the local page limits and the lodging of Payne's Amended Petition over nine months later.

The Court need not decide this issue either, however, because even if the page limits apply to Payne's Amended Petition, he has demonstrated good cause to exceed the limits by the requested 44 pages. Payne has lodged his proposed Amended Petition and has asserted that the volume and complexity of his case demonstrate good cause to exceed the page limits. The Court has reviewed Payne's proposed Amended Petition, its claims and

their complexity, and agrees. The guilt-phase of Payne's trial, including jury selection, lasted 17 days. (*See* lodged Amended Petition, at 13–14.) In state court appellate and post-conviction proceedings, Payne asserts he raised dozens of issues across approximately 300 pages. (*See* Doc. 35 at 3.) Counsel assert they "have dedicated substantial time to revising the proposed amended petition," (Doc. 35 at 3) while attempting to "raise all known claims for relief" under this Court's order, the rules and statutes governing federal habeas petitions, and their ethical obligations. (Doc. 38 at 2.) Accordingly, based on the motion and the record before the Court, the Court finds good cause to grant Payne's motion for leave to file an amended petition exceeding the 200-page limit of Rule 3.5(b) by 44-pages.

Accordingly,

**IT IS HEREBY ORDERED** granting Payne's Motion for Leave to File the Lodged Proposed Amended Petition. (Doc. 35.)

**IT IS FURTHER ORDERED** the Clerk file the proposed amended petition for writ of habeas corpus lodged with Payne's motion (lodged at Doc. 37).

**IT IS FURTHER ORDERED** that Respondents may file a response to the amended petition that exceeds the 200-page limit by 44 pages. (*See* LRCiv 3.5(b).)

Dated this 26th day of April, 2022.

Honorable James A. Soto
United States District Judge