WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Mathew Payne,<br><br>　　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　　Respondents. | No. CV-20-0459-TUC-JAS<br><br>**ORDER**<br><br><u>DEATH PENALTY CASE</u> |

Pending before the Court is Petitioner Christopher Payne's Motion to Reconsider Order Precluding Direct Contact with Victims. (Doc. 47.) Payne requests, pursuant to Federal Rule of Civil Procedure 7(b) and Local Rule of Civil Procedure 7.2(g), that the Court reconsider its March 1, 2021, order (Doc. 15) granting Respondents' motion for an order precluding contact with victims "unless the victim, through counsel for Respondents, has consented to such contact." Respondents have filed an opposition to the motion (Doc. 49), and Payne has filed a reply in support of the motion (Doc. 49). For the reasons that follow, the Court grants in part Payne's motion to reconsider.

**Background**

Payne starved and abused his children, Ariana, age three, and Tyler, age four, until they died, and concealed their bodies in a rented storage unit. He was convicted in Pima County Superior Court of two counts of first degree murder, three counts of child abuse, and two counts of concealing a dead body, and was sentenced to death. After Payne's unsuccessful appeal and request for post-conviction relief in state court, he filed a notice

of intent to seek habeas corpus relief in this Court on October 7, 2020. The Court appointed counsel and set a deadline of September 17, 2021, for Payne to file his habeas petition. (Docs. 3, 11.)

Respondents filed a motion for an order consistent with Arizona law to preclude Payne's defense team from directly contacting the victims in this proceeding. (Doc. 12.) In support of this request, Respondents cited provisions of both state and federal law, including A.R.S. § 13-4433(B) ("the Statute") enacted pursuant to the Arizona Victim's Rights Bill ("VBR"), which provides that "[t]he defendant, the defendant's attorney or an agent of the defendant shall only initiate contact with the victim through the prosecutor's office," and the Crime Victims' Rights Act ("CVRA"), which affords state crime victims in federal habeas cases "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8).

Payne argued in response that Respondents' request was governed by federal law and that the relief sought was not appropriate under the CVRA; that his federal constitutional rights to "family association," free speech, and due process under the First and Fourteenth Amendments take precedence over the provisions of the VBR; and that granting the request would unduly burden his investigation. (Doc. 13.)

Payne noticed several potential witnesses who meet the statutory definition of "victim" under A.R.S. § 13–4401(19): Forrest Payne, Payne's biological father; Patricia Payne, Payne's stepmother; Jamie Hallam, the biological mother of Ariana and Tyler; Linda Consentino, Hallam's biological mother and the biological grandmother of Ariana and Tyler; and Richard Barcalow, Hallam's stepfather and step-grandfather of Ariana and Tyler. (Doc. 13 at 5–6.) Payne indicated he did not intend to contact or attempt to interview CP, Payne's biological son, or any of Hallam's children who are biological half-siblings of Ariana and Tyler but are unrelated to Payne. (*Id.*)

The Court granted Respondents' motion to preclude direct victim contact, stating that "[n]o person who is defined as a victim in this matter pursuant to Arizona law shall be contacted by anyone working with or on behalf of Payne or Payne's counsel unless the

victim, through counsel for Respondents, has consented to such contact. If consent is not provided and Payne nonetheless believes the contact is necessary, he may file a motion with the Court explaining the necessity for such contact." (Doc. 15 at 5.)

Payne filed no request with this Court for further contact with any victim, and, on September 17, 2021, filed his Petition for Writ of Habeas Corpus and on April 15, 2022, filed his Amended Petition. (Doc. 40.) The State filed a response to the Amended Petition on September 23, 2002, and thereafter the Court stayed the remainder of the briefing schedule pending the United States Supreme Court's resolution of *Cruz v. Arizona*, No. 21-846.

Payne now requests that the Court reconsider its order precluding his counsel from directly contacting victims on the grounds that Arizona District Judge Steven P. Logan declared, in a separate case, that A.R.S. § 13-4433(B) violates the First Amendment rights of criminal defense attorneys and their agents because it "singles out and disfavors the speech of a category of speakers—members of the criminal defense team." *See* Findings of Fact and Conclusions of Law*, Arizona Attorneys for Criminal Justice v. Ducey*, No. CV-17-01422-PHX-SPL, Doc. 269 at 36 (D. Ariz. Nov. 2, 2022) (*AACJ Ruling*). Based on his factual findings and legal conclusions, Judge Logan enjoined the enforcement of the Statute against a criminal defendant's attorneys and the attorneys' agents. *See AACJ,* (D. Ariz. Nov. 2, 2022) (Doc. 270 (*AACJ Ruling*)), *amended by* (Doc. 281). Defendants have appealed the decision, and the appeal has not yet been resolved. (*See* Doc. 272, Notice of Appeal).

**Discussion**

A court will ordinarily deny "a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). A motion for reconsideration is appropriate only where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah*

*County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). They should not be used to ask a court "'to rethink what the court had already thought through—rightly or wrongly.'" *Id.* (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Nor may they "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), or to repeat any argument previously made in support of or in opposition to a motion, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Finally, mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

Payne asserts that the *AACJ Ruling* comprises new legal authority that is directly relevant to the Court's prior decision and could not have been presented at the time of Respondents' victim-contact motion or within 14 days of the Court's decision. *See* LRCiv 7.2(g)(1) (requiring motions for reconsideration to "point out with specificity" "any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier"); LRCiv 7.2(g)(2) (requiring that good cause be shown for any motion for reconsideration filed more than 14 days after the filing of the order that is the subject of the motion).

Payne notes that the *AACJ Ruling* is relevant because it rejects arguments relied on by the Court in the previous order and provides a compelling basis for reconsideration. Payne asserts, for the reasons set forth in the *AACJ Ruling*, that this Court's "effective implementation" of the Statute burdens the speech of defense attorneys and their investigators. First, Payne asserts, the *AACJ Ruling* rejected the argument asserted by Respondents and endorsed in this Court's prior decision that the Statute is not unduly burdensome because it regulates speech by attorneys. (Doc. 47 at 3) (citing *AACJ Ruling* at 31 (concluding that the statute was "not subject to lesser First Amendment scrutiny as a

regulation of professional speech").) Second, Payne asserts the *AACJ Ruling* also rejected the argument that the statute was necessary to protect victims' rights "to be treated with fairness, respect, and dignity" because there was no "evidence . . . that members of the defense team were contacting victims in a disrespectful, harassing, or abusive manner before the Statute was enacted." (*Id.* at 4) (citing *AACJ Ruling* at 17, 18.) Finally, Payne asserts the *AACJ Ruling* noted evidence that calls into question this Court's suggestion that the harm from restricting defense-initiated outreach is lessened because Arizona law places no restrictions on victims initiating contact, finding that "victims often do not 'know what questions to ask of a prosecutor about contact with the defendant or whether it would be useful,' so one of the only ways to get that information is for the defense team to be able to contact the victim." (*Id.*) (citing *AACJ Ruling* at 22–23, 49).

The *AACJ Ruling*, however, is not controlling authority on this Court.[1] Decisions by other District of Arizona judges may be persuasive, but are not binding, authority on the Court. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); *see also In re Walk v. Thurman*, 2012 WL 3292934, at *7 (D. Utah Aug. 10, 2012) ("District court decisions cannot be treated as authoritative on issues of law. . . . Even where the facts of a prior district court case are, for all practical purposes, the same as those presented to a different district court in the same district, the prior resolution of those claims does not bar reconsideration by another district judge of similar contentions. . . . Where a second judge believes that a different result may obtain, independent analysis is appropriate."). Payne cites no new authority from the Ninth Circuit Court of Appeals that justifies a

---

[1] Because the Court finds that the *AACJ Ruling* is not controlling authority, it does not address Respondents' argument that "Payne has not established standing to assert his attorneys' First Amendment rights," their disagreement with Payne's assertion that the *AACJ Ruling* undermines the Court's conclusion that restricting contact "furthers the goal of respecting a crime victim's dignity and privacy without unduly burdening petitioners," or their contention that the *Ruling* calls into question this Court's observation that "Arizona law placed no limitations on victims initiating contact." (Doc. 49 at 4.)

- 5 -

reconsideration of this Court's prior order.

Payne does not disagree with Respondents' argument that district court decisions do not bind the Court, but asserts that this argument overlooks two important considerations: "the *AACJ Ruling* resulted in an injunction against enforcement of the very statute on which the Court relied in prohibiting direct victim contact; and the *AACJ Ruling* was based on an evidentiary record from which this Court had not previously benefitted, and which justifies reconsideration even if the ruling did not require it." (Doc. 50 at 2–3.)

In addressing these arguments, the Court notes that first, despite the injunction against enforcement of the statute, the *AACJ Ruling* left in place "the requirement under Arizona Rule of Criminal Procedure 39(b)(12) that the defense must communicate a request to interview a victim to the prosecutor rather than the victim." *Id*. Second, the argument that the record before the court in the *AACJ* case supports a motion for reconsideration even if the ruling itself does not is specious. Under LRCiv 7.2(g), a movant must be diligent in showing new facts in support of a motion for reconsideration. There is no reason to believe that the facts brought to the attention of the court in *AACJ* could not also have been brought to this court's attention had Payne desired to do so. Additionally, this Court may consider the record before the *AACJ* court yet reach a different conclusion applying its own independent analysis. *See In re Walk*, 2012 WL 3292934, at \*7 (D. Utah Aug. 10, 2012).

The Court, however, finds independent grounds to exercise its discretion to amend the prior order. *See Federal Trade Commission v. Noland*, No. CV-20-00047-PHX-DWL, 2022 WL 901386 (Order, March 28, 2022) (LRCiv 7.2(g) does not enact a hard-and-fast prohibition against granting reconsideration absent a showing of manifest error or new facts and authority—it merely provides that reconsideration should "ordinarily" be denied in their absence.) Other judges in this District have adopted a procedure in their initial case management orders allowing crime victims to be contacted directly by a petitioner's attorney if certain procedures are followed. *See e.g., Delahanty v. Shinn*, No. CV-22-00523-PHX-DJH (Apr. 4, 3033) (Doc. 4), *Womble v. Shinn*, No. CV-22-1429-PHX-SPL

1  (D. Ariz. Aug. 26, 2022) (Doc. 5), *Ovante v. Shinn*, No. 22-2003-PHX-JJT (D. Ariz. Dec.
2  7, 2022) (Doc. 6). Though, like the *AACJ Ruling*, these cases are not controlling authority,
3  the Court finds the procedure adopted furthers the Court's responsibility to ensure that
4  crime victims are afforded their rights provided by 18 U.S.C. § 3771(b)(2) while lessening
5  the burden of a petitioner to investigate their case on habeas review.

6        In reconsidering its own order, the Court rejects Respondents' argument that
7  reconsideration at this stage of the habeas proceeding is not appropriate because the Court
8  will "likely be unable" to consider any new evidence Payne might obtain from interviewing
9  victims. (*See* Doc. 49 at 6) (citing 28 U.S.C. 28 U.S.C. § 2254(e)(2); *Shinn v. Ramirez*, 142
10 S. Ct. 1718, 1739 (2022) ("Ultimately, respondents' proposed expansion of factfinding in
11 federal court … conflicts with any appropriately limited federal habeas review."); *Shoop*
12 *v. Twyford*, 142 S. Ct. 2037, 2044 (2022) ("A court … must, consistent with AEDPA,
13 determine at the outset whether the new evidence sought could be lawfully considered.")).
14 First, the briefing schedule has been stayed and, when the stay is vacated, Payne will still
15 be permitted to file a reply in support of his Amended Petition, as well as a request for
16 evidentiary development of his claims. The Court cannot say, at this time, that further
17 investigation is inappropriate or that Payne will be unable to meet the demands for
18 presentation of new evidence pursuant to 28 U.S.C. § 2254 simply because it is unlikely
19 that he will be able to do so.

20       Finally, Respondents presume that Payne has filed this motion to reconsider in an
21 attempt to contact his biological son, CP, based on Payne's indication that because CP has
22 now reached the age of majority Payne withdraws his earlier representation to the Court
23 that he did not intend to contact CP. (*See* Doc. 47 at 5, n.1). CP was approximately two
24 years old when his siblings were murdered. (*See* Doc. 49 at 2 n.1). Respondents note Payne
25 has already sent a letter to his son (using the procedures in the victim contact order), which
26 his attorneys characterized as "express[ing] his love for his son, apologiz[ing] to him, and
27 open[ing] the door to [his son] reaching out." (*See* Doc. 49 at 5, Ex. A.) Though Payne did
28 not address this presumption in his Reply, the Court finds that consideration of the purposes

behind Payne's motion, as well as his motivations to contact individual victims is irrelevant to the motion before the Court, potentially concerns privileged information, and, based on the Court's amendment of the order, is rendered moot.

Therefore, upon consideration of and consistent with the procedure utilized in *Delahanty*, *Womble*, and *Ovante*, the Court amends the prior order precluding direct contact with victims.

Accordingly,

**IT IS HEREBY ORDERED** Payne's motion to reconsider (Doc. 47) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** in furtherance of the Court's responsibility to ensure that crime victims are afforded their rights provided by 18 U.S.C. § 3771(b)(2), the Court prohibits the direct contact of any crime victim, as described in 18 U.S.C. § 3771(b)(2)(D), without the Court's prior authorization of a victim contact plan. Payne must utilize the following procedure to request such authorization:

1. Payne must file a motion informing the Court and the Respondents of his desire to contact any "crime victim" as defined in 18 U.S.C. § 3771(b)(2)(D).
2. The motion must describe the manner in which Payne proposes to contact the victim and must include proposed language to be used in the contact. The proposed language must:
   a. Identify the person contacting the victim as part of the Payne's defense team in these proceedings and identify the person's role on the defense team;
   b. Inform the victim that he or she has the right to deny the interview request; and
   c. Request permission to interview the victim.
3. Respondents may respond with objections and Payne may reply in the time frames provided by Local Rule of Civil Procedure 7.2(c) and 7.2(d).
4. If the Court grants the motion and approves of the defense team's contact proposal, Payne may contact the victim, making a reasonable effort to determine if the victim

is represented by counsel and, if so, channeling the request through counsel.

Dated this 9th day of January, 2023.

                                                    Honorable James A. Soto
                                                    United States District Judge